OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Article 2-B of the Executive Law, notwithstanding its articulated policy of involving local chief executives in the development and implementation of disaster preparedness programs (Executive Law § 20 [1] [b]), does not vest in them the ultimate responsibility for the preparation of county disaster plans.
Section 23 (1) specifically provides that “[e]ach county * * * is authorized to prepare disaster preparedness plans.” It is clear that the delegation of power to each county is to its legislative, not its executive branch. In other sections of article 2-B, the context clearly indicates that references to the “county”, without more, signify the legislative branch. Section 27 (1), for example, provides in pertinent part that “[e]very county * * * shall have [the] power to provide by local law * * * for its continuity”. Similarly, section 28-a (1) provides that, in the event of a declaration of a State disaster emergency, “any county * * * shall prepare a local recovery and redevelopment plan, unless the legislative body of the municipality shall determine such plan to be unnecessary or impractical.” In stark contrast, when the Legislature intended to vest authority of any kind in a county executive, it has specified the role of the chief executive, defined as “a county executive or manager of a county” (Executive Law § 20 [2] [f] [1]) (see, e.g., Executive Law § 24 [1]; § 25 [1], [2], [3], [4], [6]; § 26 [1], [3]).
Moreover, the use of the term “is authorized” in section 23 (1) unequivocally signals a legislative intent that the preparation of county plans is optional, not mandatory. The provisions authorizing the chief executive of a county to act upon the declaration of a radiological accident do not necessarily presuppose the existence of a plan (Executive Law §§ 24, 25, 26, 28 [1]; § 29-b [2]). We read Executive Law § 20 (1) (b) as merely manifesting a policy preferring consideration of the county executive’s views in the development of disaster preparedness pro *870 grams, which policy implicitly recognizes that primary responsibility for such development is lodged elsewhere and agree with the conclusion of the Appellate Division that the term “county” in Executive Law § 23 (1) does not include “county executive”.
If the challenged executive order is merely a vehicle for the gathering of information to enable the county executive to perform his statutorily mandated functions of taking “an active and personal role in the development and implementation of disaster preparedness programs” (Executive Law § 20 [1] [b]) and giving “advice and assistance” to the local legislative body or other duly appointed planning authority (Executive Law § 23 [5]), it is clearly authorized under the statute. However, we read Executive Order 1-1985 as representing a first step toward the implementation of a plan and therefore we find it to be a clear usurpation of the legislative function (cf. Under 21 v City of New York, 65 NY2d 344).